BYRD V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-134-CR

GARY STEWART BYRD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

OPINION

------------

Appellant Gary Stewart Byrd appeals his conviction for injury to a child.  In his sole point, he alleges that the evidence is factually insufficient to establish that he committed bodily injury to a child by omission by failing to seek medical care.  We affirm.
  

Factual Background

D.L., who was seven years old, was living with his mother in Baltimore, Maryland.  In July of 2000, he went to stay with appellant, who was his father.  On August 11, 2000, appellant was punishing D.L. by spanking him with a belt when D.L. went limp.  Appellant rolled D.L. over and saw that his eyes were closed.  D.L. did not respond to his name, so appellant splashed water on his face.  When D.L. opened his eyes, he started shaking, and appellant called 911 because he thought D.L. was having a seizure.  Once D.L. stopped shaking, he told appellant that he was okay, and he appeared to be coherent.

When the emergency medical team arrived on the scene, they found D.L. sitting upright and conscious.  He appeared to be an abuse victim, not a child suffering from a seizure.  His face was swollen, he had a large gash on the bridge of his nose, and he had numerous other burns and bruises.  Richard Barash, a paramedic on the scene, testified that D.L.’s pulse was elevated and his temperature had spiked to 104 degrees.  He also stated that he would “remember this call for years.  When we got there, [D.L.] looked liked he had been in a car accident.”  D.L. was eventually sent to Cook Children’s Medical Center where he was considered a level two patient, which means critically ill. D.L. claims to have told appellant that his step-siblings caused some of his injuries; however, appellant asserts that D.L. never said anything to him, and he thought the wounds were self-inflicted.

The jury found appellant guilty of injury to a child by omission, serious bodily injury.  The court then assessed punishment at five years’ confinement.

Discussion

In his sole point, appellant contends that the evidence is factually insufficient to establish that he committed bodily injury to a child by omission by failing to seek medical care.  
See
 
Tex. Penal Code Ann
. § 22.04 (Vernon 2003).  Specifically, he argues that the evidence is factually insufficient to show that he acted knowingly or intentionally as defined by the Texas Penal Code.  
Id
. § 6.03(a), (b).  The State responds that the evidence shows that appellant intentionally and knowingly delayed medical treatment knowing that the child would suffer and did suffer additional bodily injury.  Furthermore, when the testimony of the doctors and emergency room personnel is considered, the verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 

A person acts intentionally with respect to a result of his conduct when it is his conscious objective or desire to cause the result.  
Id
. § 6.03(a).  A person acts knowingly with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.  
Id
. § 6.03(b).  Within the context of section 22.04, a defendant “knowingly” causes injury to a child when he is aware with reasonable certainty that the injury would not result “but for” the defendant’s conduct. 
 
Patterson v. State
, 46 S.W.3d 294, 302 (Tex. App.—Fort Worth 2001, no pet.).  Therefore, it logically follows that when the conduct is an omission, proof that a defendant knowingly caused the result requires evidence that the defendant was aware with reasonable certainty that the injury would have been prevented had the defendant performed the act that was omitted.  
Id
.; 
Payton v. State
, No. 2-02-043-CR, slip op. at 9, 2003 WL 2004363, at *4 (Tex. App.—Fort Worth May 1, 2003, pet. filed).

Under section 22.04, it was not sufficient for the State to prove that appellant failed to provide medical care for a bodily injury. 
 
See Dusek v. State
, 978 S.W.2d 129, 133 (Tex. App.—Austin 1998, pet. ref’d).  Instead, it was necessary to prove that D.L. suffered bodily injury because appellant failed to provide him medical care.  
See id.
  After reviewing the record, we hold that the evidence is factually sufficient to support appellant’s conviction of knowingly causing bodily injury to a child by failing to obtain reasonable medical care for D.L.  

The jury heard testimony from Lieutenant Charles Sherrill that, when the fire department arrived, D.L.’s face was swollen, and he had an obvious wound across the bridge of his nose that was bright red, open, and had not just occurred.  He also observed several open, untreated cigarette burns, both old and new, on D.L.’s arms.

Paramedic Barash testified that D.L.’s left arm was swollen and looked deformed.  He stated that the nose wound, the burns on the arms, and the swelling of the face made it apparent that D.L. needed medical attention, and “[a]ny one of those [wounds] would have brought that kid to the emergency room.”

Appellant testified that D.L.’s nose wound happened while he was running through the house two or three days before the 911 call.  When appellant got home from work, D.L.’s nose was already bandaged.  After inspecting it, appellant did not feel like it needed immediate medical attention because it was not bleeding.  He also stated that it was still red because D.L. kept picking at the wound.  When D.L. testified, he stated that he did not “mess with” or pick at his nose wound.

 Officer Daniel Bedillion testified that it was obvious that D.L. needed medical attention for the gash on his nose and swelling of his face.  Paramedic Barash also testified that the nose wound needed stitches.  Specifically, he stated that there is a time period where it would be less painful to get stitches because “[i]f you wait a little longer, they are probably going to have to scrape a little of that tissue that has had time to heal”; otherwise, it will not heal properly.  Dr. Michael Cowan, the emergency room doctor at Cook Children’s Medical Center, testified that if the nose wound had been sutured, the scarring would have been less.  He also described the injury as a disfigurement.

Although the jury heard appellant’s testimony that he inspected the nose wound and did not feel that emergency care was required, appellant admitted that he did not have any medical training.  He admitted that he knew about all of D.L.’s wounds and that emergency rooms are for stitching up wounds.  He also testified that he did not take D.L. to the doctor because he did not have a primary care physician.  Appellant specifically told Lynette Bikeri, a child protective services investigator, that he was waiting to get insurance and that “he was aware that [the child’s nose] needed medical attention.”

Besides D.L.’s nose wound, the jury also heard how appellant failed to obtain reasonable medical care for a wrist injury and burns on D.L’s body.  Dr. Cowan testified that D.L. would have been exposed to less pain from the skin wounds on his arms if he had received treatment in a timely medical fashion.  “The quicker you heal up, the less pain there is going to be.”  Dr. Daniel Oshman, the pediatric radiologist at Cook Children’s Medical Center, stated that the wrist injury was probably seven to ten days old.  If such an injury is left untreated, it will potentially result in deformity at the wrist and some lack of use.  The fact that the arm was not immediately set and immobilized was probably very painful.  Although appellant testified that D.L. never said his wrist hurt and when appellant noticed it swelling he put ice on it, the jury also heard that appellant planned to send D.L. to the doctor when the insurance forms went through.

After reviewing the evidence in a neutral light, we conclude that the proof of guilt is not so obviously weak as to undermine confidence in the verdict, nor is the proof of guilt greatly outweighed by contrary proof.  
See Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  The evidence supports the jury’s finding that appellant
 was aware that his conduct was reasonably certain to cause the result.  
Tex. Penal Code Ann
. § 6.03(b) (defining when a person acts “knowingly”).  Appellant knew about D.L.’s injuries, then failed to seek medical care when he knew D.L. needed it because he wanted to wait and get insurance first.  
Thus,
 appellant was aware with reasonable certainty that the injuries would have been prevented had he performed the act that was omitted.
 
See
 
Patterson
, 46 S.W.3d at 302.
  Furthermore,
 the State proved that D.L. suffered bodily injury because appellant failed to provide him medical care.  
See
 Tex. Penal Code Ann
. § 1.07(a)(8) (defining “bodily injury” as physical pain, illness, or any impairment of physical condition);
 Dusek
, 978 S.W.2d at 133 (stating that it is not sufficient for the State to prove that appellant failed to provide medical care, but that it must prove that child suffered bodily injury because of the failure to provide medical care).

Thus, applying the appropriate standard of review,
(footnote: 1) we hold that the evidence is factually sufficient to support the trial court’s conviction.
(footnote: 2) 

Conclusion

Having overruled appellant’s sole point, we affirm the trial court’s judgment. 

TERRIE LIVINGSTON

JUSTICE

PANEL B: DAY, LIVINGSTON, and WALKER, JJ.

PUBLISH

DELIVERED: July 10, 2003

FOOTNOTES
1:
See
 
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003)
 (holding that 
a proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal);
 Santellan v. State
, 939 S.W.2d 155, 165 (Tex. Crim. App. 1997) (providing factual sufficiency standard of review); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (same).

2:
Johnson
, 23 S.W.3d at 7; 
Clewis
, 922 S.W.2d at 134.